972 F.2d 353
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ralph GREEN, Appellant,
Mark Jackson; Bob Metcalf; Larry Hays; Dwight Couch;
Harold Johnson; Ronald Weinlood; David Carr;
Michael Meredith,
v.
Dick D. MOORE; Paul Caspari; George Lombardi, Appellees.
Ralph Green, Appellee,
Mark Jackson; Bob Metcalf; Larry Hays; Dwight Couch;
Harold Johnson; Ronald Weinlood; David Carr;
Michael Meredith,
v.
Dick D. Moore; Paul Caspari; George Lombardi, Appellants.
 Nos. 91-3679 and 91-3681
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 12, 1992.
Filed: August 3, 1992.
 
 Before ARNOLD, Chief Judge, HEANEY, Senior Circuit Judge, and MAGILL, Circuit Judge.
 PER CURIAM.
 
 
 1
 Inmates at the Missouri Eastern Correctional Center (MECC) at Pacific, Missouri appeal from an order of the United States District Court for the Eastern District of Missouri modifying a 1986 consent decree dealing with conditions at the correctional center. The State of Missouri cross-appeals the district court's refusal to modify that portion of the decree dealing with 24-hour nursing care. We affirm.
 
 
 2
 In the mid 1980s, the inmates of MECC commenced a class action against certain prison officials alleging constitutional violations as a result of prison conditions. A consent decree was entered on June 13, 1986. One provision of the Consent Decree stated that the corrections officials were to "set aside ... continuously ... sixteen single-occupancy cells within the general population housing of the MECC." Another provision stated that the corrections officials were "to secure ... appropriations ... to provide for having at least one registered or licensed practical nurse on duty and physically present at the MECC at all times, including the night shift from 11:00 p.m. to 6:30 a.m." In 1990, among other things, the inmates moved to enforce the consent decree. They asserted that the defendants had not continuously set aside sixteen single cells.
 
 
 3
 We affirm the district court's decision concerning the single-occupancy requirement. The court's actions complied with the recent Supreme Court decision in Rufo v. Inmates of Suffolk County Jail, 116 L.Ed.2d 867 (1992), and this court's opinion in McDonald v. Armontrout, 908 F.2d 388 (8th Cir. 1990). The defendants met their burden by showing changed circumstances and by establishing that experience over time has shown that sixteen general population beds were continuously available notwithstanding the increased prison population. We emphasize, however, at least sixteen single-occupancy cells must be available in general population cells at all times for inmates who need single-cell housing even if it is necessary to move out the current inmates of a cell to make room for an inmate requiring single celling.
 
 
 4
 We also agree with the district court with respect to the 24-hour nursing requirement. Again, we emphasize the district court's directive that the defendants should continue to utilize every resource to attempt to employ staff to provide nursing care twenty-four hours a day at MECC.